PEOPLE v SCHAAFSMA

Docket No. 252696. Submitted June 7, 2005, at Detroit. Decided June 28, 2005, at 9:15 a.m.

Donald W. Schaafsma pleaded guilty of uttering and publishing in the Kent Circuit Court, George S. Buth, J., and was sentenced to one year of probation. The defendant subsequently pleaded guilty of violating his probation, and the court, H. David Soet, J., sentenced him to two to fourteen years of imprisonment, with the minimum being one month above the sentencing guidelines range for the underlying offense. The defendant appealed by delayed leave granted.

The Court of Appeals *held*:

The sentencing guidelines apply to a sentence imposed after a probation violation. The offender's probation violation is an objective and verifiable factor worthy of independent consideration. Because the probation violation is objective and verifiable, the trial court, in its discretion, may conclude that the factor provides a substantial and compelling reason to depart from the sentencing guidelines. The trial court determined that the guidelines scoring did not give adequate weight to the defendant's prior record, MCL 769.34(3)(b), of ten felony convictions and thirty-one misdemeanor convictions. The upward departure of one month was justified by the judicially articulated substantial and compelling reason for departing from the sentencing guidelines.

Affirmed.

Sentences — Probation Violations — Sentencing Guidelines — Departures.

The sentencing guidelines apply to a sentence imposed after a probation violation; however, a probation violation is objective and verifiable, and a sentencing court, in its discretion, may conclude that the probation violation provides a substantial and compelling reason to depart from the sentencing guidelines for the underlying offense.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *William A. Forsyth*, Prosecuting At-

torney, *Timothy K. McMorrow*, Chief Appellate Attorney, and *Janice Kittel Mann*, Assistant Prosecuting Attorney, for the people.

*Gerald Ferry* for the defendant.

Before: O'CONNELL, P.J., and SCHUETTE and BORRELLO, JJ.

O'CONNELL, P.J. Defendant appeals by delayed leave granted his sentence of two to fourteen years in prison imposed following his conviction of a probation violation. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

Defendant pleaded guilty of uttering and publishing, MCL 750.249. The statutory sentencing guidelines established a minimum term range of nine to twenty-three months. Because this range permitted an intermediate sanction, the trial court's sentence of one year of probation was within the guidelines. MCL 769.34(4)(c); MCL 769.31(b). Shortly thereafter, defendant pleaded guilty of violating his probation. The trial court concluded that it was not required to adhere to the guidelines when imposing sentence following a conviction of probation violation and sentenced defendant to two to fourteen years in prison, exceeding the minimum range of the guidelines by one month.

Contrary to the sentencing court's conclusion, our Supreme Court has recently held that the statutory sentencing guidelines apply to a sentence imposed after a probation violation. *People v Hendrick*, 472 Mich 565, 565; 697 NW2d 511 (2005). However, the Court in *Hendrick* also recognized that conduct underlying a probation violation may serve as a substantial and compelling basis for departure. *Id.* Putting conduct aside, any probation violation represents an affront to

the court and an indication of an offender's callous attitude toward correction and toward the trust the court has granted the probationer. The violation itself is objective and verifiable, so we see no reason why a court must focus exclusively on the underlying conduct, especially since the conduct itself may be punished in a separate proceeding. We conclude that the offender's probation violation itself is an objective and verifiable factor worthy of independent consideration. Because the probation violation is objective and verifiable, the trial court in its discretion may conclude that the factor provides a substantial and compelling reason to depart from the sentencing guidelines. Here, defendant violated his probation, and the trial court only departed from the guidelines by one month.

Moreover, when a reviewing court determines that a sentencing court would prescribe the same sentence notwithstanding a misunderstanding of the law or irregularity in the proceedings, the reviewing court may simply affirm the sentence. *People v Babcock*, 469 Mich 247, 260-261; 666 NW2d 231 (2003). Under the circumstances of this case, we affirm defendant's sentence and decline to remand for resentencing. The trial court indicated that the guidelines range, though inapplicable, did not give adequate weight to defendant's prior record. Defendant had ten felony convictions, thirty-one misdemeanor convictions, and had served five prison terms and numerous jail sentences. A trial court may depart from the guidelines range on the basis of an offense or offender characteristic that was already considered in calculating the guidelines range if the court concludes "that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3)(b). Because the trial court articulated a substantial and compelling reason for imposing a sentence that exceeded the guidelines and indicated that it would

have handed down the same sentence had it found the guidelines applicable, we need not remand for resentencing. *Babcock, supra.*

Affirmed.