# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 18, 2014

Plaintiff-Appellee,

v

No. 317288
Mason Circuit Court
LC No. 12-002532-FH

BOBBY EARL HARRIS,

Defendant-Appellant.

Before: OWENS, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

Defendant was convicted by a jury of carrying a weapon with unlawful intent, MCL 750.226, and placed on probation. He now appeals by right his sentence following a probation violation. We affirm.

Defendant became romantically involved with the victim, who was married but going through a divorce. The victim eventually informed defendant that she wished to remain with her husband. Defendant was arrested while walking to the victim's residence with a butcher knife. Defendant's original sentence of probation required him to serve a jail term and have no contact with the victim or her fiancé or with the victim's mother. Less than a month after he was released from jail, however, defendant stood outside the victim's residence and began to cut himself. These actions violated of his probation. Because of the violation, the trial court sentenced defendant to two to five years' imprisonment. This sentence was an upward departure of 18 months from the original guidelines range of zero to six months.

Defendant argues the trial court impermissibly departed upward from the guidelines range. We disagree. A court may depart from the recommended minimum sentence range under the legislative guidelines for substantial and compelling reasons that are objective and verifiable and keenly or irresistibly grab the court's attention. *People v Smith*, 482 Mich 292, 299; 754 NW2d 284 (2008). Here, the trial court found that defendant's probation violation, which involved acts similar to those for which he was originally convicted and which occurred shortly after he was released from jail, constituted a substantial and compelling reason for departing from the guidelines recommendation. The trial court also noted that when defendant wounded himself, causing a severe injury, he was very close to the victim's residence, which indicated that he was still trying to have things "his way." The trial court was correct in noting that defendant's probation violation constituted an objective and verifiable reason for departure.

-1-

*People v Schaafsma*, 267 Mich App 184, 185; 704 NW2d 115 (2005).  Further, that defendant's underlying conduct in his original offense was similar to his conduct resulting in the probation violation and occurred days after defendant was released from jail were objective and verifiable. We agree that the objective and verifiable factors found by the trial court are substantial and compelling and keenly or irresistibly grabbed the trial court's attention, justifying its guidelines departure.  *Smith*, 482 Mich at 299.  We therefore find that the trial court did not clearly err or abuse its discretion in deciding that these reasons justified departure.  *Id.*

Giving deference to the trial court's superior knowledge of the facts and the offender as we must, *People v Babcock*, 469 Mich 247, 270; 666 NW2d 231 (2003), we find the trial court did not abuse its discretion in justifying the extent of his departure by concluding defendant failed to show that he had the ability to reform his behavior.  *Smith*, 482 Mich at 299.

We affirm.

/s/ Donald S. Owens
/s/ Jane E. Markey
/s/ Deborah A. Servitto