*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

RICHARD ALLEN MINOR,

Defendant-Appellant.

UNPUBLISHED
June 18, 2019

No. 343629
Muskegon Circuit Court
LC No. 13-063397-FH

Before: K. F. KELLY, P.J., and FORT HOOD and REDFORD, JJ.

PER CURIAM.

Defendant, Richard Allen Minor, appeals as of right the trial court's order denying resentencing following a *Crosby*[1] remand. A jury convicted defendant of third-degree criminal sexual conduct (CSC-III) against his daughter under either MCL 750.520d(1)(b) or MCL 750.520d(1)(d).[2] The trial court sentenced defendant within the applicable sentencing guidelines range to 19 to 37 years' imprisonment. We affirm.

## I. BACKGROUND

Previously, a panel of this Court granted defendant's delayed application for leave to appeal and ordered a *Crosby* remand for the trial court to consider the appropriateness of resentencing. *People v Minor*, unpublished per curiam opinion of the Court of Appeals, issued March 15, 2016 (Docket No. 324693), p 10. However, the panel affirmed defendant's underlying conviction. *Id*. at 15. On remand, the trial court ruled that it would not have imposed a materially different sentence, but for the constitutional error. Therefore, the trial court denied

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] A panel of this Court previously recognized that the jury's verdict did not specify the particular theory under which it convicted defendant, whether for violation of MCL 750.520d(1)(b) or (d). See *People v Minor*, unpublished per curiam opinion of the Court of Appeals, issued March 15, 2016 (Docket No. 324693), pp 3, 10.

defendant's motion for resentencing. Defendant appeals his sentence again on the ground that he should have been resentenced to a lesser minimum sentence and alternatively argues that his counsel provided him ineffective assistance. We disagree with both claims of error.

## II. STANDARD OF REVIEW

We review for an abuse of discretion the reasonableness of the sentence imposed by the trial court. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). The "principle of proportionality" set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 459-460 (quotation marks omitted). "[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Id*. at 475 (quotation marks and citation omitted). However, the guidelines "remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

"The denial of effective assistance of counsel is a mixed question of fact and constitutional law, which are reviewed, respectively, for clear error and de novo." *People v Brown*, 279 Mich App 116, 140; 755 NW2d 664 (2008). Because defendant has not moved for an evidentiary hearing in this case, this Court reviews defendant's claims of ineffective assistance of counsel for mistakes apparent on the record. *People v Mack*, 265 Mich App 122, 125; 695 NW2d 342 (2005).

## III. ANALYSIS

Defendant argues that the trial court imposed an unreasonable sentence because: (1) it relied on impermissible judicial fact-finding to assess points under the sentencing guidelines for determination of his minimum sentence; and (2) the trial court failed to tailor the sentence to defendant and take into account significant mitigating factors. Defendant alternatively argues that defense counsel provided ineffective assistance by failing to file a sentencing memorandum. Defendant's claims of error lack merit.

Under MCL 769.34(10), we are required to affirm a defendant's sentence when a minimum sentence is within the appropriate guideline sentence range. *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017). A sentence within the sentencing guidelines minimum range is presumptively proportionate. *Id*. (citations omitted.) *Lockridge* did not

disturb this statute's applicability.[3]  See *People v Schrauben*, 314 Mich App 181, 196 n 1; 886 NW2d 173 (2016) (stating that "*Lockridge* did not alter or diminish MCL 769.34(10) . . . .").

In this case, the trial court originally calculated defendant's minimum sentence range under the sentencing guidelines at 84 months to 280 months by including points assessed for Offense Variables (OV) 4, 8, and 10 based upon judicial fact-finding.  Had the trial court not assessed points for those OVs, defendant's minimum sentence range would have been 72 to 240 months.  Defendant's 19 year minimum sentence equals 228 months.  Defendant's sentence falls within the sentencing guidelines minimum range regardless whether OVs 4, 8, and 10 were scored.  Therefore, he cannot establish that his minimum sentence falls outside the appropriate sentencing guidelines range.  We must affirm defendant's sentence unless he can establish an error in scoring or that the trial court relied on inaccurate information.  *Schrauben*, 314 Mich App at 196.

Defendant contends that the trial court inappropriately relied on judicial fact-finding, which he asserts is intrinsically equivalent to relying on materially untrue assumptions.  In *People v Biddles*, 316 Mich App 148, 159; 896 NW2d 461 (2016), however, this Court explained that "judicial fact-finding is proper, as long as the guidelines are advisory only."  Contrary to defendant's contention, the

> constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with required application of those found facts for purposes of increasing a mandatory minimum sentence range.  *Lockridge* remedied this constitutional violation by making the guidelines advisory, not by eliminating judicial fact-finding.  [*Id*. at 158.]

> \* \* \*

> That judicial fact-finding remains part of the process of calculating the guidelines is evidenced by the *Lockridge* Court's observation that its "holding today does nothing to undercut the requirement that the highest number of points possible must be assessed for all OVs, *whether using judge-found facts or not*." [*Lockridge*, 498 Mich] at 392 n 28, 870 NW2d 502 (second emphasis added).  This quote from *Lockridge* is consistent and reconcilable with the full *Lockridge* opinion; judicial fact-finding is proper, as long as the guidelines are advisory only.  [*Biddles*, 316 Mich App at 159.]

---

[3] The Michigan Supreme Court has scheduled oral argument and briefing on the continued validity of MCL 769.34(10) after *Lockridge*.  See *People v Ames*, 501 Mich 1026 (2018).  However, we must apply existing precedent until overruled.  MCR 7.215(C)(2).  See also *In re Certified Question from the United States Court for the Eastern Dist of Mich*, 490 Mich 922, 924 (2003) (YOUNG, J., concurring) (noting that the Michigan Court of Appeals is obligated to apply caselaw until the Michigan Supreme Court overrules it).  Defendant asserts in conclusory fashion that MCL 769.34(10) did not survive *Lockridge*.  However, defendant offers no argument to support his assertion.

When calculating the sentencing guidelines range, a trial court may consider all record evidence, including the contents of a PSIR, plea admissions, and sworn testimony. *People v Johnson*, 298 Mich App 128, 131; 826 NW2d 170 (2012). A PSIR "is presumed to be accurate and may be relied on by the trial court unless effectively challenged by the defendant." *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003).

In this case, defendant offers no evidence that establishes that the facts used to calculate his OVs were inaccurate. Instead, he asserts that, without judicial fact-finding, his minimum sentence range would have been 72 to 240 months and that the trial court should have imposed a lower minimum sentence within that range despite conceding that his 19 years (228 months) minimum sentence actually falls within the guidelines range regardless of the points assessed for OVs 4, 8, and 10. He argues, without supporting authority, that he is entitled to a minimum sentence at the lower end of the applicable advisory guidelines range. We find no merit to his argument because his sentence within the advisory guidelines range is presumptively proportionate, and he has failed to overcome that presumption. The trial court did not abuse its discretion by imposing a minimum sentence within the guidelines range.

Defendant also argues that the trial court misinterpreted his PSIR, gave too much weight to his prior convictions when assessing points respecting his Prior Record Variables (PRV), and ignored the mitigating circumstances of defendant's difficult childhood. Defendant, however, offers no evidence that the trial court relied on materially untrue information. The record reflects that the trial court specifically noted at his sentencing defendant's difficult challenges during his youth. We also find no evidence in the record that the trial court accorded undue weight to dismissed or juvenile convictions when assessing PRVs. Rather, the record reflects that the trial court appropriately considered and weighed defendant's prior CSC conviction, testimony that he threatened the victim, and the fact that defendant committed the instant offense while on parole for his prior CSC conviction. In *People v Schaafsma*, 267 Mich App 184, 185-186; 704 NW2d 115 (2005), this Court opined that a trial court may properly consider a defendant's verified probation violation and impose an upward departure from the sentencing guidelines because such a defendant's conduct represents "an affront to the court and an indication of an offender's callous attitude toward correction and toward the trust the court has granted the probationer." The record in this case reflects that the trial court did not impose an upward departure sentence. It sentenced defendant to a minimum sentence that fell within the minimum sentencing guidelines range. Because defendant has failed to establish any scoring error that resulted in a sentence outside the minimum sentence range under the guidelines, we affirm his sentence. MCL 769.34(10); *Schrauben*, 314 Mich App at 196.

Defendant alternatively argues that his counsel provided him ineffective assistance of counsel by failing to file a sentencing memorandum. This argument also fails.

> To prevail on a claim of ineffective assistance of counsel, a defendant bears a heavy burden to establish that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different. [*People v Pennington*, 323 Mich App 452, 460; 917 NW2d 720 (2018) (quotation marks and citation omitted).]

Defendant fails to explain how not filing a sentencing memorandum constitutes conduct by his counsel that fell below an objective standard of reasonableness. We are unaware of any law that imposes a duty upon defense counsel to file a sentencing memorandum. Review of the record in this case shows that, at his sentencing, defense counsel argued for corrections to the PSIR that defendant deemed necessary. Further, defense counsel advocated for a lower sentence. Defense counsel's performance did not fall below an objective standard of reasonableness. We find no mistakes apparent on the record.

Defendant has failed to establish that the trial court erred by not resentencing him. Defendant's sentence fell within the minimum range under the advisory sentencing guidelines and nothing in the record supports finding that the trial court imposed an unreasonable sentence requiring resentencing. Therefore, the trial court did not err by declining to resentence defendant.

Affirmed.

/s/ Kirsten Frank Kelly
/s/ Karen M. Fort Hood
/s/ James Robert Redford