*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 22, 2020

Plaintiff-Appellee,

v

No. 347326
Barry Circuit Court
LC No. 2015-000860-FH

JOSHUA LAVERN DAVIS,

Defendant-Appellant.

Before: FORT HOOD, PJ., and SAWYER and SERVITTO, JJ.

PER CURIAM.

In November 2015, defendant pleaded guilty to first-degree retail fraud, MCL 750.356c, after having stolen property from a Walmart valued between $200 and $1,000. Defendant was sentenced to 12 months' incarceration, with three of those months to be suspended upon the completion of 36 months' probation. On probation, defendant was placed in the "Swift and Sure Sanction Program," an intensive probation supervision program, during which defendant accumulated 16 violations as well as a new felony conviction of delivery/manufacture of marijuana. In January 2018, defendant pleaded guilty to these violations, and thereafter, the trial court elected to depart from defendant's minimum sentencing guidelines range of 5 to 28 months' imprisonment and impose a sentence of 60 to 90 months' imprisonment. Defendant filed a delayed application for leave to appeal, asserting that his sentence was unreasonable and disproportionate, which a panel of this Court denied.[1] Defendant sought leave to appeal that decision in the Michigan Supreme Court, and, in lieu of granting leave to appeal, the Court remanded the case to this Court for consideration as on leave granted.[2] For the reasons stated below, we affirm.

"[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902

---

[1] *People v Davis*, unpublished order of the Court of Appeals, entered February 25, 2019 (Docket No. 347326). Judge SHAPIRO would have granted the application. *Davis*, unpub order.

[2] *People v Davis*, 505 Mich 874 (2019).

-1-

NW2d 327 (2017) (*Steanhouse II*). A sentence is an abuse of discretion if the trial court failed to adhere to the principle of proportionality. *Id*. at 477. In other words, sentences imposed by a trial court must be "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 460 (quotation marks and citation omitted). When reviewing for reasonableness, we follow the principles set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), assessing whether the sentence given is proportionate to the offender and to the seriousness of the crime. *Steanhouse*, 500 Mich at 476-477. Additional factors considered by Michigan courts under the proportionality standard include:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Steanhouse (On Remand)*, 322 Mich App 233, 238-239; 911 NW2d 253 (2017) (quotation marks and citations omitted).]

Departure sentences may be imposed when the trial court determines that the recommended range under the sentencing guidelines is disproportionate. *Id*. at 238.[3] Appellate courts must evaluate whether reasons exist to depart from the sentencing guidelines and whether the extent of the departure can satisfy the principle of proportionality. *Id*. at 239. The first inquiry in the review of reasonableness is whether there were " 'circumstances that are not adequately embodied within the variables used to score the guidelines.' " *Id*., quoting *Milbourn*, 435 Mich at 659-660. This Court has recognized that " 'the trial court's familiarity with the facts and its experience in sentencing,' [a] defendant's extensive criminal history reflecting the past sentences of probation, jail, and prison [which] had not deterred him, and the trial court's legitimate concern for the protection of society" can be examined when determining proportionality. *People v Solmonson*, 261 Mich App 657, 671; 683 NW2d 761 (2004), quoting *People v Babcock*, 469 Mich 247, 274; 666 NW2d 231 (2003).

"In the event that the court revokes a defendant's probation, it *may* sentence the defendant in the same manner and to the same penalty as the court might have done if the probation order had never been made. A judge, however, is not required to sentence the defendant in the same manner." *People v Hendrick*, 472 Mich 555, 562; 697 NW2d 511, 515 (2005) (quotation marks and citation omitted). "[A] defendant's conduct while on probation can be considered as a . . . reason for departure from the legislative sentencing guidelines." *Id*. at 565. "[I]t is perfectly acceptable to consider postprobation factors in determining whether" to depart from the sentencing guidelines. *Id*. at 562-563. In *People v Schaafsma*, 267 Mich App 184, 185-186; 704 NW2d 115 (2005), this Court explained that "any probation violation represents an affront to the court and an indication of an offender's callous attitude toward correction and toward the trust the court has granted the probationer." *Id*.

---

[3] Although a court must score and consider the sentencing guidelines, the guidelines are advisory only. See *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015).

In this case, defendant's failure to rehabilitate during probation was a proper reason to depart from the guidelines' recommended range, and the trial court articulated as much. See *People v Dixon-Bey*, 321 Mich App 490, 525 n 9; 909 NW2d 458, 477 (2017) (explaining that a proper reason for a departure sentence includes a defendant's potential for rehabilitation). Defendant accumulated 16 violations while participating in the Swift and Sure Sanction Program, had another felony file at the same time that he "had retail fraud, third, pending in Battle Creek," and had a new felony conviction of "delivery/manufacture marijuana" while on probation. The court noted that, although defendant's violations occurred on the basis of drugs, and his original plea dealt with retail fraud, defendant was given "chance, after chance, after chance," to "correct his behavior," "and he didn't do it." The court noted that defendant was offered "a lot of help and programs," yet he "chose not to take advantage of those," and the court therefore "had no reasonable belief that [defendant] was going to change at all." The court believed there to be a "high likelihood" that defendant would engage in additional crimes in the future. See *Dixon-Bey*, 321 Mich App 525 n 9; see also *Hendrick*, 472 Mich at 562. To that end, it should be noted that, when the trial court placed defendant in the Swift and Sure Sanction Program, it made sure that defendant understood that if he "screwed up," he would go to prison. The court indicated that it had focused on rehabilitating defendant, but that following probation, it had to focus on "consequences and protection of the community." Speaking directly to defendant, it indicated: "That's just how it works. And I told you that." See *Dixon-Bey*, 321 Mich App 525 n 9; see also *Schaafsma*, 267 Mich App at 185-186.

In light of all of the above, we conclude that defendant's multiple violations and additional charges since pleading guilty to first-degree retail fraud establishes that the trial court's sentence was reasonable and proportionate, see *Hendrick*, 472 Mich at 565; see also *Dixon-Bey*, 321 Mich App at 525 n 9, and that the trial court did not abuse its discretion when it departed from the guidelines range of 5 to 28 months and imposed a minimum sentence of 60 months' imprisonment, see *Steanhouse*, 500 Mich at 471.

Affirmed.

/s/ Karen M. Fort Hood
/s/ David H. Sawyer
/s/ Deborah A. Servitto