# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN ANTHONY NOTTE,

        Defendant-Appellant.

UNPUBLISHED
November 29, 2018

No. 328957
Macomb Circuit Court
LC No. 2012-002664-FH

Before: JANSEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] from the trial court's judgment of sentence revoking his probation and sentencing him to prison. Defendant originally pleaded guilty to the underlying charge of manufacture of 45 kilograms or more of marijuana, MCL 333.7401(2)(d)(*i*). Defendant was sentenced to three years' probation. Following defendant's plea of guilty to a fifth probation violation, defendant's probation was revoked, and he was sentenced to 5 to 15 years' imprisonment for the probation violation on the underlying manufacture of 45 kilograms or more of marijuana conviction. For the reasons set forth in this opinion, we vacate defendant's sentence and remand for resentencing.

## I. BACKGROUND

As previously stated, this matter began when defendant pled guilty in 2012 to the manufacture of 45 kilograms or more of marijuana in violation of MCL 333.7401(2)(d)(*i*). Defendant was initially sentenced to three years' probation. On January 21, 2014, defendant pled guilty to violating his probation by testing positive for cocaine. As a result, defendant was ordered to complete a 180-day intensive urinalysis monitoring program. On April 23, 2014, defendant admitted that he tested positive for alcohol on two prior drug screenings. As a result of defendant's second probation violation, the trial court extended defendant's probation from three years to five years. Defendant was also ordered to serve 30 days in the Macomb County jail, then complete six months of tether following his release. Not long after his release, defendant appeared before the trial court on October 15, 2014 for failure to appear for drug

---

[1] *People v Notte*, 501 Mich 875; 901 NW2d 866 (2017).

screenings and engaging in assaultive behavior. Following a hearing, the trial court found defendant guilty of violating his probation for failing to appear for drug tests and by engaging in assaultive behavior. Defendant was ordered to serve 160 days in the Macomb County jail and continue adhering to the conditions of his probation.

On July 24, 2015 defendant appeared before the trial court on his fifth probation violation and pled guilty to having consumed alcohol while on probation. According to defendant, he drank two glasses of wine to celebrate his removal from tether. On August 3, 2015, defendant's probation was revoked and he was sentenced to a term of imprisonment as set forth above. This appeal then ensued.

## II. ANALYSIS

On appeal, defendant argues that the trial court violated the principle of proportionality and imposed a disproportionate sentence by failing to consider the sentencing guidelines during sentencing and failing to justify the extent of the departure sentence.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). This Court reviews the reasonableness of a sentence for an abuse of discretion. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). An abuse of discretion occurs when the trial court violates the principle of proportionality or fails to "provide adequate reasons for the extent of the departure sentence implied." *Id*.

When a trial court revokes probation, it is permitted to "sentence the defendant 'in the same manner and to the same penalty as the court might have done if the probation order had never been made.' " *People v Hendrick*, 472 Mich 555; 562; 697 NW2d 511 (2005), quoting MCL 771.4. The revocation of probation "clears the way for a resentencing on the original offense." *Id*. (quotation marks and citation omitted). The trial court is permitted to consider the original offense for which a defendant was convicted, as well as the defendant's conduct during probation, in order to determine whether a departure sentence is warranted. *Id*. at 562-563, 565.

Our Supreme Court has held that Michigan's sentencing guidelines are advisory, rather than mandatory, and that a trial court is no longer required to "articulate a substantial and compelling reason" for a departure from the minimum sentencing guidelines range. *Lockridge*, 498 Mich at 391-392. Following *Lockridge*, this Court reviews departure sentences for reasonableness. *Id*. at 392. The reasonableness of a sentence is reviewed using the "principle of proportionality," originally articulated in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 460. The principle of proportionality standard allows this Court to consider a number of factors in sentencing a defendant, including:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Steanhouse*, 313 Mich App 1, 46; 880

NW2d 297 (2015) (internal citations omitted), rev'd in part on other grounds by *Steanhouse*, 500 Mich at 453.]

Defendant's first claim of error rests on his argument that the trial court failed to take his sentencing guideline range into account when considering his sentence. Although a trial court may find it useful to make a reference to the minimum sentencing guidelines range while explaining the rationale behind its decision impose a departure sentence, "the trial court is not required to use any formulaic or 'magic' words" to justify the departure. *People v Smith*, 482 Mich 292, 309-310; 754 NW2d 284 (2008). In support of his argument, defendant observes that the trial court never explicitly mentioned that his minimum sentencing guidelines range was 5 to 17 months. However, the record reflects that a probation officer informed the trial court that defendant's minimum sentencing guidelines range was 5 to 17 months, indicating that the trial court was aware of the minimum sentencing guidelines range applicable to defendant. Defendant's PSIR also states that his minimum sentencing guidelines range was 5 to 17 months. Although the trial court did not specifically mention the PSIR, the trial court's comments at sentencing indicated that it was aware of the information contained in the PSIR prior to imposing its sentence on defendant. The record further reflects that the trial court was aware of the minimum sentencing guidelines range applicable to defendant. Thus, defendant is not entitled to relief on this issue.

Defendant next argues that the trial court failed to provide justification on the record for the extent of the departure imposed. When imposing a departure sentence, the trial court is required to " 'justify the sentence imposed in order to facilitate appellate review.' " *Steanhouse*, 500 Mich at 460, quoting *Lockridge*, 498 Mich at 392. "An appellate court must evaluate whether reasons exist to depart from the sentencing guidelines and whether the extent of the departure can satisfy the principle of proportionality." *People v Steanhouse (On Remand)*, 322 Mich App 233, 239; 911 NW2d 253 (2017). Therefore, "even in cases in which reasons exist to justify a departure sentence, the trial court's articulation of the reasons for imposing a departure sentence must explain how the *extent* of the departure is proportionate to the seriousness of the circumstances surrounding the offense and offender." *Id.* (emphasis added).

Defendant was sentenced to 5 to 15 years' imprisonment. The minimum sentencing guidelines range applicable to defendant was 5 to 17 months' imprisonment. In sentencing defendant, the trial court noted that it believed compelling reasons existed for the departure based on defendant's probation violations, blatant disrespect for the trial court's orders related to probation, and failure to make a successful effort at rehabilitation while on probation. The trial court stated, in relevant part:

> [Defendant], I should have put you in prison from the get go . . . . I wanted to believe you were going to take the right step[s] . . . . And what do you do? You constantly violate [your] probation.
>
> *  *  *
>
> I will find compelling reasons in that this is the [fifth] violation of probation, that you have blatantly disrespected every court order that I have ever issued with respect to your rehabilitation. We have exhausted all of our means to try to

rehabilitate you and I am tired of struggling with this [d]efendant and his need to wake up and recognize that people are not out to get him, that all we ever tried to do was help him.

Defendant was sentenced to 5 to 15 years' imprisonment. The minimum sentencing guidelines range applicable to defendant was 5 to 17 months' imprisonment. In sentencing defendant, the trial court noted that it believed compelling reasons existed for the departure based on defendant's probation violations, blatant disrespect for the trial court's orders related to probation, and failure to make a successful effort at rehabilitation while on probation. Although it appears that the trial court properly provided a rationale for the sentence it imposed, we cannot find in the record where the trial court directly acknowledged that the sentence constituted a departure from the minimum sentencing guidelines range. Additionally, we cannot find within the record evidence that the trial court properly connected the reasons for departure to the extent of the departure chosen. Additionally, the trial court did not explain why a departure sentence was more proper under the circumstances than a sentence within the minimum sentencing guidelines range. As mandated by our Supreme Court: "A sentence cannot be upheld when the connection between the reasons given for the departure and the extent of the departure is unclear." *Smith*, 482 Mich at 304. Additionally, as noted by this Court: "…even in cases in which reasons exist to justify a departure sentence, the trial court's articulation of the reason for imposing a departure sentence must explain how the extent of the departure is proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse (On Remand)*, 322 Mich App at 239. Accordingly, in the absence of any record evidence as to the trial court's rationale for the extent of the departure and how that departure was proportionate to the seriousness of the offense and the offender, we vacate defendant's sentence and remand for resentencing.

We vacate defendant's sentence and remand to the trial court for resentencing. We do not retain jurisdiction.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello