**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

**FILES JUNE 14, 2005**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                  No. 126371

DARIN HENDRICK,

    Defendant-Appellee.

_____

BEFORE THE ENTIRE BENCH

CORRIGAN, J.

In this case, we consider whether the legislative sentencing guidelines apply to sentences imposed after a probation violation and whether a defendant's conduct while on probation can be considered as a substantial and compelling reason for departure from the legislative sentencing guidelines.

The legislative sentencing guidelines apply to certain enumerated felonies committed on or after January 1, 1999. MCL 777.1 *et seq.*; MCL 769.34(2). The language of MCL 769.34(2) is very clear. It lists no exceptions. Thus, the legislative guidelines would apply to defendant's

sentence, even if the sentence follows the imposition and revocation of probation.

Further, MCL 771.4 states that if probation is revoked, the court *may* sentence the probationer to the same penalty as if probation had never been granted, but does not *require* that the same penalty be imposed. Thus, the sentencing court is not precluded from considering events surrounding the probation violation when sentencing the defendant on the original offense.

The Court of Appeals[1] correctly held that the sentencing guidelines apply to sentences imposed after a probation violation and that acts giving rise to the probation violation may constitute substantial and compelling reasons to depart from the guidelines. It incorrectly held that the acts giving rise to the probation violation in this case were already considered in connection with the prior record variables and offense variables. We thus affirm in part and reverse in part the judgment of the Court of Appeals, vacate the sentence, and remand this case to the trial court for resentencing.

I. UNDERLYING FACTS AND PROCEDURAL HISTORY

On March 20, 2000, defendant pleaded guilty to a charge of attempted first-degree home invasion, MCL 750.92;

---

[1] 261 Mich App 673; 683 NW2d 218 (2004).

2

MCL 750.110a(2). Defendant was sentenced to a five-year term of probation, with the first year to be served in jail. On April 9, 2001, defendant pleaded guilty to a charge of possession of a Molotov cocktail, MCL 750.211a. The trial court again sentenced him to a five-year term of probation, with the first year to be served in jail. On July 23, 2001, defendant was arrested yet again for violating the terms of his probation by possessing a shotgun while walking on a public street.

On August 23, 2001, the trial court revoked defendant's two probationary sentences and sentenced him to one to five years of imprisonment for the attempted home invasion and ten to twenty years of imprisonment for possession of a Molotov cocktail. The legislative sentencing guidelines range for the Molotov cocktail conviction was twelve to forty-eight months in prison, thus making defendant's ten-year minimum sentence a departure if the guidelines applied. The trial court, however, did not believe that the guidelines applied to sentences imposed after probation violation. Accordingly, it did not apply the guidelines in determining defendant's sentence.

The Court of Appeals denied leave to appeal. In lieu of granting leave to appeal, we remanded this case to the Court of Appeals for consideration as on leave granted and directed it to consider (1) whether the legislative

3

sentencing guidelines apply to sentences imposed after a probation violation, and (2) if not, whether a sentencing court may consider the principles of proportionality discussed in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).[2]

The Court of Appeals held that the legislative sentencing guidelines were indeed applicable to sentences imposed after probation revocation. The panel further noted that in "exceptional cases," the circumstances causing the probation revocation could constitute a "substantial and compelling" reason for an upward departure. The Court of Appeals, however, remanded for resentencing, concluding that the reasons articulated by the trial court were not "substantial and compelling."

The prosecutor sought leave to appeal, contending that the legislative sentencing guidelines do not apply to sentences imposed after a probation violation. In the alternative, the prosecution argued that if the guidelines were applicable, the conduct constituting the probation violation provided an automatic substantial and compelling reason for departure from the guidelines.

---

[2] 468 Mich 918 (2003).

We granted the prosecution's application for leave to appeal.[3]

## II. STANDARD OF REVIEW

Whether the legislative sentencing guidelines apply to sentences imposed after probation revocation is a question of law that we review de novo. *People v Rodriguez,* 463 Mich 466, 471; 620 NW2d 13 (2000). Similarly, whether conduct resulting in the revocation of probation may constitute a "substantial and compelling" reason for an upward departure from the legislative sentencing guidelines is also a question of law subject to review de novo. *Id.*

## III. ANALYSIS

### A. The legislative sentencing guidelines apply to sentences imposed after probation revocation.

The legislative sentencing guidelines apply to certain enumerated felonies committed on or after January 1, 1999. MCL 777.1 *et seq.*; MCL 769.34(2).[4] It is undisputed that the guidelines apply to the felonies defendant committed in this case—possession of a Molotov cocktail and attempted

---

[3] 471 Mich 914 (2004).

[4] MCL 769.34(2) provides, in relevant part, that "the minimum sentence imposed by a court of this state for a felony enumerated in part 2 of chapter XVII committed on or after January 1, 1999 shall be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed."

5

home invasion.  It is also undisputed that defendant's underlying crimes were committed after January 1, 1999.  Thus, the legislative sentencing guidelines apply, even if the sentence follows the imposition and revocation of probation, because the language of MCL 769.34(2) is clear and lists no exceptions.  We therefore agree with the Court of Appeals that the guidelines apply to all enumerated felonies committed on or after the effective date, whether or not the sentence is imposed after probation revocation.[5]

B. The act giving rise to the probation violation may provide a substantial and compelling reason to depart from the legislative sentencing guidelines.

MCL 771.4, which governs probation and revocation of probation, states:

> It is the intent of the legislature that the granting of probation is a matter of grace conferring no vested right to its continuance. If during the probation period the sentencing court determines that the probationer is likely again to engage in an offensive or criminal course of conduct or that the public good requires revocation of probation, the court *may* revoke probation. All probation orders are revocable in any manner the court that imposed probation considers applicable either for a violation or attempted violation of a probation condition or for any other type of antisocial conduct or action on the probationer's part for which the court determines that revocation is proper in the public interest. Hearings on the revocation shall be summary and informal and not subject to the

---

[5] The judicially created sentencing guidelines, however, do not apply to probation revocation cases.

6

rules of evidence or of pleadings applicable in criminal trials. In its probation order or by general rule, the court *may* provide for the apprehension, detention, and confinement of a probationer accused of violating a probation condition or conduct inconsistent with the public good. The method of hearing and presentation of charges are within the court's discretion, except that the probationer is entitled to a written copy of the charges constituting the claim that he or she violated probation and to a probation revocation hearing. The court may investigate and enter a disposition of the probationer as the court determines best serves the public interest. *If a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made.* This section does not apply to a juvenile placed on probation and committed under section 1(3) or (4) of chapter IX to an institution or agency described in the youth rehabilitation services act, 1974 PA 150, MCL 803.301 to 803.309. [Emphasis added.]

The sentence at issue in MCL 771.4 is clearly permissive, not mandatory. It states that "if" probation is revoked, the court "may" sentence the defendant as if probation had never been granted. While the sentencing court *may* sentence the probationer in the same manner and to the same penalty, nothing in the statute requires it to do so. In fact, the statute places an affirmative obligation on the trial court to take only two actions—to provide the probationer with a written copy of the charges constituting the probation violation and to conduct a probation revocation hearing.

7

Thus, the court may continue, extend, or revoke probation. In the event that the court revokes a defendant's probation, it *may* sentence the defendant "in the same manner and to the same penalty as the court might have done if the probation order had never been made." A judge, however, is not required to sentence the defendant "in the same manner."[6]

Further, the Legislature did not alter our jurisprudence on probation in the statutory codification of sentencing guidelines.[7] That is, a probation violation does "not constitute a separate felony . . . ." *Id.* at 482. Rather, "revocation of probation simply clears the way for a resentencing on the original offense."[8] Defendant here is thus being sentenced on the original offense—possession of a Molotov cocktail. Without a mandate to impose a sentence

---

[6] MCL 771.7(1), which deals with revocation of probation for a juvenile following certain convictions, specifically requires a trial court to "order the juvenile committed to the department of corrections for a term of years that *does not exceed* the penalty that could have been imposed for the offense for which the juvenile was originally convicted and placed on probation." (Emphasis added.) The Legislature could have incorporated similar language in MCL 771.4 if it intended to preclude the trial court from sentencing adult probationers to a term of years that exceeds the penalty that could have originally been imposed, but it did not do so.

[7] *People v Kaczmarek*, 464 Mich 478, 482; 628 NW2d 484 (2001).

[8] *Id.* at 483.

8

on the probationer in the same manner and to the same penalty that could have been imposed if the probation order had never been made, it is perfectly acceptable to consider postprobation factors in determining whether substantial and compelling reasons exist to warrant an upward departure from the legislative sentencing guidelines.[9]

Of course, not every probation violation and revocation warrants an upward departure. A trial court has broad latitude in deciding whether to revoke probation. It has less latitude in imposing a sentence in excess of the guidelines. The sentencing court must always follow the requirements set forth in MCL 769.34, as interpreted in *People v Babcock,* 469 Mich 247; 666 NW2d 231 (2003).

MCL 769.34(3) permits a court to "depart from the appropriate sentence range established under the sentencing guidelines . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." *Babcock* defines a "substantial and compelling" reason as requiring an

---

[9] We recognize that in *Kaczmarek, supra* at 483, we noted that "'[i]f a judge finds that a probationer violated his probation by committing an offense, the probationer is neither burdened with a new conviction nor exposed to punishment other than that to which he was already exposed . . . .'" (Citation omitted.) The issue in *Kaczmarek,* however, was whether a probation violation is a "crime"; it was not, as it is in this case, how a defendant should be sentenced after violating probation.

objective and verifiable reason that "keenly" or "irresistibly" grabs the court's attention and is of "considerable worth." Moreover, *Babcock* requires that the "substantial and compelling" reasons articulated by the trial court justify that particular departure. The Court of Appeals held that the trial court's reasons for departing from the sentencing guidelines were not substantial and compelling because they were already considered when scoring the prior record variables and offense variables.

C. Application of *Babcock* to defendant's postprobation violation sentence.

Although the trial court considered several reasons for its upward departure, it did not sufficiently articulate its reasons on the record, because it believed that *Babcock* did not apply to sentences imposed after revocation of probation. Some of the trial court's reasons were already considered in scoring the prior record variables and offense variables.[10] Some of the trial

---

[10] The trial court referred to defendant's prior criminal history and recidivist history as factors to support defendant's sentence. These factors, however, were included in the scoring of the prior record variables and offense variables and, thus, were insufficient to support an upward departure absent a finding by the trial court that the factors were given inadequate weight when scored. MCL 769.34(3)(b). The trial court did not believe the

Footnotes continued on following page.

court's reasons, however, were not considered in connection with the prior record variables and offense variables, such as defendant's intent to explode the Molotov cocktail in order to harm his sister. Further, the trial court did not consider the circumstances surrounding defendant's probation violation–defendant's possession of a shotgun while walking down the street near his sister's home–in scoring the variables.

The Court of Appeals erroneously implied that all of defendant's conduct noted by the trial court was considered in scoring the prior record variables and offense variables. Because of this erroneous conclusion and because the trial court did not apply the legislative sentencing guidelines in imposing defendant's sentence, we remand this case to the trial court for resentencing. Upon resentencing, the trial court may consider whether the conduct underlying defendant's probation violation constitutes a substantial and compelling reason to depart from the legislative sentencing guidelines.

legislative sentencing guidelines applied to sentences imposed after revocation of probation and, thus, did not deem it necessary to state that the above factors were given inadequate weight. To the extent that the trial court failed to apply the guidelines when imposing defendant's sentence, it erred.

11

## IV. CONCLUSION

The legislative sentencing guidelines apply to sentences imposed after probation revocation. Thus, defendant is entitled to be resentenced under the legislative sentencing guidelines. Further, a defendant's conduct while on probation can be considered as a substantial and compelling reason for departure from the legislative sentencing guidelines. Defendant's sentence is thus vacated and this matter is remanded to the trial court for further proceedings consistent with this opinion.

> Maura D. Corrigan
> Clifford W. Taylor
> Michael F. Cavanagh
> Elizabeth A. Weaver
> Marilyn Kelly
> Robert P. Young, Jr.
> Stephen J. Markman