# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 21, 2007

134698

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

WAYNE ELDEGER BROWN,
      Defendant-Appellee.

SC: 134698
COA: 277675
Ingham CC: 06-000042-FH

_____/

On order of the Court, the application for leave to appeal the July 27, 2007 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

CORRIGAN, J., concurs and states as follows:

I concur in the Court's decision to deny leave to appeal. I write separately to address two points.

First, the prosecutor challenged the circuit court's sentencing decisions at a probation revocation hearing. The prosecutor did not attend the hearing or raise the issues now advanced in his application to this Court. Therefore, the prosecutor did not preserve the issues for review or take any action to persuade the circuit court to impose a new sentence instead of discharging defendant from probation and permitting him to relocate outside the state. For these reasons, I agree that we must decline to address the prosecutor's arguments.

Second, I do believe that the Court of Appeals correctly resolved the question at issue in this case in *People v Robinson,* unpublished opinion per curiam of the Court of Appeals, issued February 28, 2006 (Docket No. 255672). Here, as in *Robinson,* the defendant entered a plea pursuant to a *Killebrew* agreement that fixed his minimum sentence range. See *People v Killebrew,* 416 Mich 189 (1982). The legislative sentencing guidelines prescribed a minimum sentence range of 78 to 130 months. But,

pursuant to the plea deal, defendant was sentenced, within an agreed-to range of 5 to 23 months, to 12 months' jail time and 36 months' probation. Defendant violated the terms of his probation within a few months of his release from jail. He pleaded guilty of violating probation, yet the trial judge discharged him from probation and did not impose any additional jail time. The judge was under the impression that, if she resentenced defendant, she was bound to adhere to the originally agreed-to 5-23-month minimum range.

The legislative guidelines apply "whether or not the sentence is imposed after probation revocation." *People v Hendrick*, 472 Mich 555, 560 (2005). Under MCL 771.4, when a defendant violates the terms of his probationary sentence,

> the court may continue, extend, or revoke probation. In the event that the court revokes a defendant's probation, it *may* sentence the defendant "in the same manner and to the same penalty as the court might have done if the probation order had never been made." A judge, however, is not required to sentence the defendant "in the same manner." [*Id.* at 562 (emphasis in original).]

Indeed, as we recently observed in *People v Harper*, 479 Mich 599, 630-631 (2007), the permissive language in MCL 771.4 reflects the nature and purpose of probation. We noted, for example, that "if a judge may never impose additional imprisonment, he is [effectively] unable to revoke probation." *Id.* at 630. In other words, for a probationary sentence to have its intended effect, a judge must have the ability to resentence a probation violator to additional jail or prison time. Accordingly, a judge must be able to exceed the original minimum sentence range if appropriate and necessary. See *id.* at 631 (judge must be able to exceed the original, 12-month limit on jail time for intermediate sanctions); cf. *Hendrick, supra* at 562-563 (a judge may depart upward from the original guidelines range on the basis of postprobation factors).

Here, defendant received the benefit of his plea bargain at his original sentencing. In spite of the favorable sentence, he chose to violate the terms of his probation. The judge in this case erred when, after defendant pleaded guilty of violating the terms of his probation, she concluded that she was constrained to resentence him within the same minimum sentence range prescribed by his plea agreement.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 21, 2007

Clerk

t1114