# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

IAN GUNTHER LUCKER,

      Defendant-Appellant.

UNPUBLISHED
June 12, 2018

No. 331986
Berrien Circuit Court
LC No. 2015-015390-FH

---

Before: O'CONNELL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendant pled guilty to one count of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), for which he was originally sentenced, as a second offense, MCL 333.7413(2), to 120 days' jail time and two years' probation. Defendant later pleaded guilty to three counts of violating his probation, for which he was sentenced to 10 to 20 years' imprisonment. Defendant then filed a delayed application for leave to appeal that sentence, which this Court denied.[1] Subsequently, defendant applied for leave to appeal this Court's order with our Supreme Court, which ordered that the application be held in abeyance pending the outcome of appeals that "may resolve an issue in the present application for leave to appeal." *People v Lucker*, 887 NW2d 405 (2016). On July 24, 2017, the Court issued its opinion in *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017) (*Steanhouse II*), and subsequently, entered an order remanding the instant case to this Court "for consideration, as on leave granted, of whether the defendant's sentence is reasonable under the standard set forth in *Steanhouse*." *People v Lucker*, 501 Mich 875, 875-876; 901 NW2d 863 (2017). We now affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant was at a home that was under surveillance for a methamphetamine lab when the police executed a search warrant. He was located in the basement where an active lab was found with components and some processed methamphetamines. He unsuccessfully tried to escape. Defendant admitted to police that he had used meth the day before.

---

[1] *People v Lucker*, unpublished order of the Court of Appeals, entered April 25, 2016 (Docket No. 331986).

-1-

The trial court sentenced defendant to 120 days' jail time and two years' probation with the condition that he must successfully complete the Kalamazoo Probation Enhancement Program (KPEP) in Berrien County. Shortly after being released from jail, defendant violated his probation by refusing to enter the KPEP and by committing first-degree home invasion and assault by strangulation. As noted, defendant pled guilty to those probation violations and the trial court sentenced him to 10 to 20 years' imprisonment.

## II. SENTENCING

Defendant now argues that he is entitled to resentencing because his sentence of 10 to 20 years' imprisonment for possession of methamphetamines, which has a guidelines range of 0 to 17 months, imposed subsequent to his probation violation, is unreasonable and not proportionate to his offense.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392: 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *Steanhouse II*, 500 Mich at 471.

"In reviewing the reasonableness of a sentence outside the Guidelines range, appellate courts may . . . take the degree of variance into account and consider the extent of a deviation from the Guidelines. We reject, however, an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." *Id*. at 474. An abuse of discretion occurs when a trial court violates the principle of proportionality or fails to "provide adequate reasons for the extent of the departure sentence imposed." *Id*. at 476.

As noted, we review this issue for reasonableness. *Lockridge*, 498 Mich at 392. The controlling standard of reasonableness is the principle of proportionality pursuant to *Milbourn*, 435 Mich at 636. See *Steanhouse II*, 500 Mich at 471-472. As this Court recently explained in *People v Dixon-Bey*, 321 Mich App 490, 520-521; 909 NW2d 458 (2017):

> "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." []*Lockridge*, 498 Mich [at 392]. "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is an abuse of discretion. [*Steanhouse II*, 500 Mich at 471.] In *Steanhouse* [*II*], the Michigan Supreme Court clarified that 'the relevant question for appellate courts reviewing a sentence for reasonableness" is "whether the trial court abused its discretion by violating the principle of proportionality . . . ." [*Id*.] The principle of proportionality is one in which
>
>> "a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into

account the nature of the offense and the background of the offender." [*Id*. at 472, quoting []*Milbourn*, 435 Mich [at 651].]

Under this principle, " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Steanhouse* [*II*], 500 Mich at 472, quoting *Milbourn*, 435 Mich at 661.

The sentencing guidelines are an "aid to accomplish the purposes of proportionality . . . ." *Dixon-Bey*, 321 Mich App at 524. The sentencing guidelines " 'provide objective factual guideposts that can assist sentencing courts in ensuring that the offenders with similar offense and offender characteristics receive substantially similar sentences.' " *Id*., quoting *People v Smith*, 482 Mich 292, 309; 754 NW2d 284 (2008) (brackets omitted). The Michigan Supreme Court has been clear that while the sentencing guidelines are now only advisory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion . . . ." *Lockridge*, 498 Mich at 391. See also *Steanhouse II*, 500 Mich at 474-475. As this Court recently explained:

> Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing, it follows that they continue to serve as a 'useful tool' or 'guideposts' for effectively combating disparity in sentencing. Therefore, relevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime, *People v Houston*, 448 Mich 312, 321-322; 532 NW2d 508 (1995), see also *Milbourn*, 435 Mich at 657, (2) factors not considered by the guidelines, *Houston*, 448 Mich at 322-324, see also *Milbourn*, 435 Mich at 660, and (3) factors considered by the guidelines but given inadequate weight, *Houston*, 448 Mich at 324-325, see also *Milbourn*, 435 Mich at 660 n 27. [*Dixon-Bey*, 321 Mich App at 524-525.]

Other factors to consider "include the defendant's misconduct while in custody, *Houston*, 448 Mich at 323, the defendant's expressions of remorse, *id*., and the defendant's potential for rehabilitation, *id*." *Dixon-Bey*, 321 Mich App at 525 n 9 (internal quotation marks omitted). The "key test" applicable to sentencing is "whether the sentence is proportionate *to the seriousness of the matter* . . . ." *Milbourn*, 435 Mich at 661 (emphasis added).

## B. ANALYSIS

Defendant does not challenge the scoring of any offense variables (OVs) or prior record variables (PRVs). Thus, the minimum guideline range for his possession of methamphetamine conviction was for 0 to 17 months' imprisonment. MCL777.65. For that conviction defendant was sentenced to 10 to 20 years', or 120 to 240 months' imprisonment. That sentence was therefore above the guideline range. MCL 777.65.

The trial court considered multiple factors when sentencing defendant. The trial court articulated that defendant had been convicted of approximately 38 different crimes in 10 years. It also took into account that defendant engaged in serious felony behavior while on probation,

failed to complete anything on probation, and blatantly refused to comply with community resources. The trial court stated that the purpose of the sentence was "punishment, protection of the community, deterrence, reformation and restitution." The court also informed defendant that for "11 years you've been victimizing our community, you can spend 10 years of it in prison now paying for your past crimes."

"[T]he sentencing court is not precluded from considering events surrounding the probation violation when sentencing the defendant on the original offense." *People v Hendrick*, 472 Mich 555, 557; 697 NW2d 511 (2005). "[T]he sentencing guidelines apply to sentences imposed after a probation violation and that acts giving rise to the probation violation may constitute substantial and compelling reasons to depart from the guidelines." *Id.* In this case, defendant failed to successfully complete the KPEP in Berrien County and committed first-degree home invasion and assault by strangulation. In fact, defendant refused to even enter the program as instructed by the trial court and his probation officer, while knowing that the consequences could be severe.

Based on defendant's history of total disregard for the law and legal system, his engagement in new and violent criminal behavior, and his failure to comply with his probation conditions, the sentence the trial court imposed was reasonable and "proportionate to the seriousness of the matter." The trial court did not abuse its discretion in its determination that a prison sentence of 10 to 20 years was justified. *Steanhouse II*, 500 Mich at 471-472; *Milbourn*, 435 Mich at 661.

Affirmed.

/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan