*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIAM SETH GRINAGE, JR.,

        Defendant-Appellant.

UNPUBLISHED
January 23, 2020

No.  346538
Barry Circuit Court
LC No.  2016-000332-FH

Before:  O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted the order of the trial court sentencing him after a probation violation to 48 to 180 months in prison for second-degree home invasion, MCL 750.110a(3).  We affirm.

## I.  FACTS

In November 2015, defendant forced his way into the home of Charity Hester, his former girlfriend of 22 years, looking for the man with whom defendant believed Hester was having a relationship.  Defendant followed Hester to her bedroom where they struggled over her phone as he threatened to kill the other man and then kill himself.  Defendant also slammed Hester against the door jam, and she received several bruises and scratches from the incident.  Defendant thereafter pleaded guilty to second-degree home invasion, MCL 750.110a(3).  The trial court sentenced defendant to 12 months in jail and 36 months' probation.

In April 2018, defendant violated his probation by again having contact with Hester and by failing to report his residence to his probation officer.  On April 18, 2018, defendant pleaded guilty to violating his probation.  The trial court extended defendant's probation to 48 months, and ordered defendant to engage in mental health counseling.  On April 25, 2018, defendant again violated the conditions of his probation by sending text messages to Hester threatening to assault her new boyfriend.  He also admitted to police that he again broke into Hester's home and took a ring, and that he also made a key to the home without Hester's knowledge.  On May 3, 2018, defendant pleaded guilty to the additional probation violation.  The trial court sentenced

defendant to a prison term of 48 to 180 months, which was an upward departure from the sentencing guidelines range of 12 to 24 months. Defendant now appeals.

## II. DISCUSSION

Defendant contends that the trial court abused its discretion in imposing a sentence that exceeds the sentencing guidelines range. We disagree.

When a trial court revokes a defendant's probation, the trial court is permitted to sentence the defendant to the same penalty that the court might have imposed if the probation order had never been made. *People v Hendrick*, 472 Mich 555, 561-562; 697 NW2d 511 (2005). The sentencing guidelines apply to a sentence imposed after a probation violation; and the trial court may consider the acts giving rise to the probation violation in determining whether to depart from the guidelines, as well as the original offense for which the defendant was convicted. *Id*. at 557, 560. And although our Supreme Court in *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015) held that Michigan's sentencing guidelines are advisory rather than mandatory, nonetheless, a sentencing court must consult and consider the applicable sentencing guidelines range when imposing a sentence and "must justify the sentence imposed in order to facilitate appellate review." *Id*. at 392.

We review a sentence that departs from the sentencing guidelines range for reasonableness, *id*. at 392, to determine whether the trial court abused its discretion. *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). A sentencing court abuses its discretion if the departure sentence is not reasonable, meaning that it violates the principle of proportionality, which requires sentences "to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 460, quoting *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990). Relevant factors for determining whether a sentence that exceeds the guidelines is proportionate include (1) whether the guidelines accurately reflect the seriousness of the offense, (2) factors that were inadequately considered by the guidelines, and (3) factors not considered by the guidelines. *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017). Additional factors may include the relationship between the defendant and the victim, any misconduct by the defendant while in custody, expressions of remorse by the defendant, and the defendant's potential for rehabilitation. *People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017).

In this case, when sentencing defendant after his probation violations, the trial court expressed serious concerns about defendant's behavior, stating in relevant part:

All right. Mr. Grinage, I have very serious concerns about your behavior. The first incident, which you're on probation for, was a very serious offense, in terms of what you did. And then, you get put on probation June 22 of '16, you had a violation April 18th of '18, and that was threatening behavior towards Charity Hester and Chris Magoon.

I extended your probation, and gave you credit for time served. Then you're back here, less than ten days later, doing the same behavior. Sending text messages, you're going to assault the boyfriend, you're going to -- you're

planning on committing suicide, that you had again broken into her home, report was made regarding that, to the Michigan State Police. Charges are being requested through Eaton County.

You were instructed, on April 18th, the first [parole violation] not to have any contact, and you went ahead and did it yourself, anyway. I understand you have some issues, and I try to work with people in the first place, that's kind of my general thought process. But at some point, my focus turns to protection of the community.

While you may not think that putting you in prison will do any good, and maybe that is the case, it's going to do the community good, and it's certainly going to protect Ms. Hester. You've received treatment in the past, you have not taken advantage of that or been successful with it, whichever it is.

You continue to engage in dangerous behavior. I've given you a chance on probation, and you have not proved that you can stop this behavior, despite being out for a couple years, and having the opportunity for treatment. Therefore, I do not feel that the guidelines are adequate, although they don't apply for a probation violation. I feel that a reasonable, proportionate, sentence is 48 to 180 months in the Michigan Department of Corrections. . . .

Defendant asserts that he did not engage in dangerous behavior on April 25, 2018, when he violated his probation by sending Hester text messages. Defendant further contends that any danger he presented to Hester during the home invasion for which he was being sentenced was already accounted for when the trial court scored the offense variables at the time he was originally sentenced in 2016. The trial court, however, is permitted to consider the facts giving rise to the defendant's probation violations as an additional relevant basis for departing from the sentencing guidelines, such as defendant's continued contact with Hester. *Hendrick*, 472 Mich at 557. In addition, the trial court is permitted to consider uncharged offenses and pending charges if supported by reliable evidence, *People v Lawrence*, 206 Mich App 378, 379; 522 NW2d 654 (1994), such as the charges that were at the time of defendant's sentencing being sought in another county regarding defendant's most recent home invasion into Hester's home, which defendant had admitted to police. In this case, defendant repeatedly violated his probation. The trial court noted that defendant's behavior while on probation was escalating, and that he posed a threat to Hester and others with whom she associated, information not included in the scoring of the sentencing guidelines and justifying a departure from the sentencing guidelines.

Defendant also argues that his sentence was unreasonable because he has great potential for rehabilitation; defendant notes that he is seeking help for mental illness and argues that he has been a model inmate while incarcerated. However, defendant's actions while on probation do not support his argument that he is on the path to rehabilitation and justified the trial court's departure from the sentencing guideline. See *People v Horn*, 279 Mich App 31, 44-45; 755 NW2d 212 (2008) (repeated offenses and failures at rehabilitation may constitute an acceptable justification for an upward departure).

We conclude that the record supports the trial court's finding that an upward departure is warranted. Defendant's sentence is proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Steanhouse*, 500 Mich at 460. Because the trial court did not violate the principle of proportionality in sentencing defendant after his probation violations, the sentence imposed is reasonable and the trial court did not abuse its discretion. See *id.* at 459-460.

Affirmed.


/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause
/s/ Michael F. Gadola