*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TERRENCE LAMONT ROBERTSON II,

Defendant-Appellant.

UNPUBLISHED
December 15, 2022

No. 360559
Ingham Circuit Court
LC No. 17-000615-FH

Before: SHAPIRO, P.J., and BORRELLO and YATES, JJ.

PER CURIAM.

Defendant pleaded guilty to one count of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (sexual penetration with a victim at least 13 years of age and under 16 years of age) and was originally sentenced to two years of probation under the Holmes Youthful Trainee Act (HYTA), MCL 762.11 *et seq.* After multiple probation violations and time served in a "HYTA prison," the trial court revoked defendant's HYTA status and sentenced him to 5 to 15 years' imprisonment for the CSC-III offense. Defendant appeals on leave granted,[1] and we affirm.

## I. BACKGROUND

In September 2015, defendant, who was then 18 years old, had sex with and impregnated a 13-year-old. In November 2017, defendant pleaded guilty to one count of CSC-III. He was sentenced to two years' probation under the HYTA. See MCL 762.13(1)(b). During those two years, defendant repeatedly pleaded guilty to violating the terms of his probation, and the trial court extended defendant's probation term to 36 months. In May 2020, after defendant pleaded guilty to an additional probation violation, the court ordered defendant to serve two years in what the court referred to as a "HYTA prison." See MCL 762.13(1)(a) (providing that the court may

---

[1] *People v Robertson II*, unpublished order of the Court of Appeals, entered April 13, 2022 (Docket No. 360559).

-1-

commit a youthful trainee "to the department of corrections for custodial supervision and training for not more than 2 years.").

While imprisoned, defendant accumulated more than 120 misconduct citations, which ranged from disobeying orders to damaging prison property and assaulting guards. A HYTA revocation hearing was held on July 13, 2021, and the trial court adjourned the matter so that an updated presentence investigation report (PSIR) could be prepared. At a hearing held on September 14, 2021, the trial court decided to revoke defendant's HYTA status and proceeded to sentencing.

The sentencing guidelines provided for a minimum sentence of 24 to 40 months' imprisonment. However, the trial court departed upward, imposing a minimum sentence of 60 months' imprisonment. In doing so, the court considered the sentencing objectives outlined in *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972): (1) the reformation of the offender; (2) protection of society; (3) the disciplining of the wrongdoer; and (4) the deterrence of others from committing like offenses. Considering the first factor, the court found that "we not only don't have reformation after almost three-and-a-half years, we have more anger, more destruction, and a pattern here where [d]efendant is actually a danger to society." Expanding upon the latter point, the court found that if defendant "is out on the streets before he has an opportunity for real rehabilitation behind bars, society at large will be damaged, especially young women, but anybody in a uniform, anybody in authority. It doesn't matter who. He only likes his rules." As for disciplining the wrongdoer, the court stated:

> I look at punishment of the offender, and, when I look at the guidelines, it is simply not enough time. He has spent the time both on probation and in the HYTA prison punishing everybody around him who tried to help, and so further incarceration by way of punishment and rehabilitation is necessary.

And finally, considering the deterrence of others, the court noted that the overwhelming majority of defendants who receive HYTA status "are so grateful and do so well," but defendant's action showed that "he doesn't care" and that he has only made his situation worse. For these reasons, the court found that a sentence of 5 to 15 years was proportional.

## II. DISCUSSION

Defendant argues that the trial court's 20-month upward departure was unreasonable and disproportionate. We disagree.[2]

MCL 771.4(5) provides that "[i]f a probation order is revoked, the court may sentence the probationer in the same manner and to the same penalty as the court might have done if the

---

[2] "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (quotation marks, citation, and ellipsis omitted).

probation order had never been made." However, MCL 771.4 "does not *require* that the same penalty be imposed." *People v Hendrick*, 472 Mich 555, 557; 697 NW2d 511 (2005). Therefore, the trial court "is not precluded from considering events surrounding the probation violation when sentencing the defendant on the original offense." *Id*. The sentencing guidelines apply to a sentence imposed after a probation violation, and the acts that gave rise to the violation can justify the trial court's departure from the guidelines. *Id*. at 557, 560.

Sentences must adhere to the principle of proportionality, which "requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Walden*, 319 Mich App 344, 351-352; 901 NW2d 142 (2017) (quotation marks and citation omitted). Although the sentencing guidelines are now advisory, the sentencing court still must determine the applicable guidelines and consider the guidelines when imposing a sentence. *Id*. at 351. If the trial court finds that a guideline sentence is not proportional, the court must "justify the sentence imposed in order to facilitate appellate review." *People v Steanhouse*, 500 Mich 453, 470; 902 NW2d 327 (2017) (quotation marks and citation omitted). Factors relevant to whether a departure sentence is proportionate to the offense and offender include "(1) whether the guidelines accurately reflect the seriousness of the crime, (2) factors not considered by the guidelines, and (3) factors considered by the guidelines but given inadequate weight." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017). The trial court must also justify the extent of the departure sentence. *Steanhouse*, 500 Mich at 476.

The trial court did not abuse its discretion by sentencing defendant to a minimum term of 60 months' imprisonment. The court's departure from the guidelines was primarily based on factors not considered by the guidelines, including "the defendant's misconduct while in custody . . . and the defendant's potential for rehabilitation." *Walden*, 319 Mich App at 353 (quotation marks and citation omitted). The court provided ample justification as to why the sentence imposed was more proportionate than a sentence within the guidelines range would have been, and its rationale was sufficient to facilitate appellate review. Defendant repeatedly violated the terms of his probation for the entire duration of his time in HYTA status. Even after defendant was sent to HYTA prison for failing to comply with probation, he accumulated more than 120 misconducts during his stay there. Defendant's repeated violations of the terms of his HYTA status were a legitimate basis for an upward departure. See *Hendrick*, 471 Mich at 557, 560.

As the trial court noted when resentencing defendant, "there is no sign of any growth." The court emphasized that after three-and-a-half years the record demonstrated that defendant had only "learned how to be more insolent, more angry, [and] more obstinate." Between March 2018 and February 2020, defendant pleaded guilty to a total of 17 counts of probation violation. In May 2020, the trial court held a hearing regarding six more counts of probation violation and gave defendant one more week on probation to show a willingness to comply, but he failed to do so and was subsequently imprisoned in a HYTA facility. Further, defendant's misconduct citations included assaulting guards and other prisoners, destroying prison property, and failing to obey orders. Given defendant's egregious behavior, the trial court did not err by concluding that he showed no serious attempt to avail himself of the opportunities HYTA status afforded him. The trial court reasonably concluded that the sentencing guidelines did not adequately account for these facts. The 60-month minimum sentence was reasonable in light of the sentencing offense that resulted in defendant impregnating a 13-year-old, as well as defendant's repeated probation violations and misconduct over a three-year period.

In addition to arguing that the trial court's sentence was unreasonable and disproportionate, defendant argues that the trial court did not actually find him guilty of a probation violation before revoking his HYTA status. Defendant misunderstands the nature of the July 13, 2021 hearing to revoke his HYTA status. At that time, defendant was no longer on probation under the HYTA, but rather imprisoned at the HYTA facility. When the trial court sentenced defendant to this facility for two years in May 2020, the order stated that defendant would be placed on probation *following* his incarceration. Then, in February 2021, the court entered an order discharging defendant from probation in light of the upcoming HYTA revocation hearing. Thus, "probation violations" were not at issue at the July 13, 2021 hearing. Instead, it was defendant's over 120 misconduct citations while imprisoned that caused a HYTA program representative to recommend that defendant's HYTA status be revoked. The trial court did not find defendant "guilty" of these misconducts, nor was it required to. Rather, the purpose of the revocation hearing was for the trial court to determine whether it would exercise "its discretion [to] revoke [defendant's youthful trainee] status any time before the individual's final release." MCL 762.12(1). Accordingly, defendant's argument on this matter is without merit.

Affirmed.

/s/ Douglas B. Shapiro
/s/ Stephen L. Borrello
/s/ Christopher P. Yates

-4-