*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARQUAVIAN JAVON BURTON,

      Defendant-Appellant.

UNPUBLISHED
April 25, 2024

No. 365667
Ingham Circuit Court
LC No. 21-000975-FH

Before: M. J. KELLY, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant pleaded no contest to second-degree home invasion, MCL 750.110a(3), and domestic violence, MCL 750.81(2). The trial court departed from the minimum sentencing guidelines range of 36 to 71 months and imposed a sentence of 10 to 15 years' imprisonment for second-degree home invasion, and it imposed a concurrent jail sentence of 93 days for domestic violence. Defendant appeals by leave granted,[1] challenging the trial court's upward departure sentence. For the reasons set forth in this opinion, we vacate defendant's sentence and remand for the trial court to further articulate its justifications for the departure sentence imposed or to resentence defendant.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

The victim in this case was defendant's ex-girlfriend, whom defendant began dating in January 2021. Defendant became increasingly jealous as the relationship progressed, and the victim alleged that defendant was physically violent toward her on two separate occasions, one of which resulted in multiple facial fractures. The victim ended the relationship and told defendant

---

[1] *People v Burton*, unpublished amended order of the Court of Appeals, entered June 8, 2023 (Docket No. 365667).

to leave her home in early November 2021, which he did. Defendant continued to regularly contact the victim in an attempt to maintain their relationship, but the victim repeatedly declined.

On November 27, 2021, defendant sent the victim a message stating that he wanted to give her gifts. The victim responded that she did not want to see or speak with defendant, and she told him to leave the items on her porch. Defendant then messaged the victim from an unknown number asking if she had received the gifts. Believing that defendant had left, the victim opened the front door and discovered defendant standing on her porch. The victim attempted to shut the door, but defendant pushed his way into her home. Defendant demanded to see the victim's cell phone, and he raised his fist at her several times and threatened that he would "beat the f*** out of her" if she did not comply. The victim handed her phone to defendant, who then began looking through it. The victim believed that she could escape the home if she first distracted defendant with sex, but, after having sex, defendant continued to look through the victim's phone. Defendant discovered that the victim had been talking to other men and became angry, so he pinned the victim down on the bed, yelled at her, and refused to let her leave. After several hours had passed, defendant released the victim, returned her phone, and left.

Defendant pleaded no contest to second-degree home invasion and domestic violence. Defendant's plea was part of a *Killebrew*[2] agreement, which encompassed three separate cases and included a recommendation for a minimum sentence of 36 to 53½ months, which was at the bottom half of the 36-to-71-month sentencing guidelines range.[3] The trial court rejected defendant's *Killebrew* agreement, departed from the recommended guidelines range, and sentenced defendant to serve 10 to 15 years' imprisonment. This appeal followed.

II. ANALYSIS

Defendant argues that the trial court abused its discretion by departing from the advisory guidelines range of 36 to 71 months and imposing a minimum term of 10 years' imprisonment. Specifically, defendant argues that the trial court improperly considered his plea agreement and conduct associated with the separate cases that were part of the agreement, improperly relied on factors that were given adequate weight by the guidelines, and failed to adequately justify the extent of the departure. We conclude that the trial court properly considered the plea agreement and defendant's conduct associated with separate cases; however, the trial court did not sufficiently articulate its justifications for the departure, and remand is appropriate.

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he relevant question for appellate courts reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality." *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017) (quotation marks, citation, and

_____

[2] *People v Killebrew*, 416 Mich 189, 206-210; 330 NW2d 834 (1982).

[3] In exchange for the prosecution's dismissal of several charges in his three active lower-court cases, including this case, defendant pleaded no contest in the other two cases to various other charges, none of which are at issue on appeal.

-2-

ellipsis omitted). "Resentencing will be required when a sentence is determined to be unreasonable." *Lockridge*, 498 Mich at 392.

Michigan's sentencing guidelines are now advisory rather than mandatory, but they "remain a highly relevant consideration" during sentencing, and sentencing courts must continue to consult them. *Id*. Courts may exercise their discretion and depart from the applicable guidelines range, but the departure must be reasonable. *Id*. at 391-392. "[A] sentence is reasonable under *Lockridge* if it adheres to the principle of proportionality set forth in *Milbourn*.[4]" *People v Walden*, 319 Mich App 344, 351; 901 NW2d 142 (2017). "[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 460; 902 NW2d 327 (2017) (quotation marks and citation omitted). When applying this principle, the trial court may consider several factors including, but not limited to:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*Walden*, 319 Mich App at 352-353 (quotation marks and citation omitted).]

When departing from the advisory guidelines range, "a trial court must justify the sentence imposed in order to facilitate appellate review, which includes an explanation of why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *Dixon-Bey*, 321 Mich App at 525 (quotation marks and citations omitted). A trial court's decision to depart from the sentencing guidelines should not be based on factors that are "contemplated by at least one offense variable" (OV) if the trial court offers no reasoning as to why the scoring of that OV was "insufficient to reflect the nature of" the case's circumstances. *Id*. at 526-527.

In this case, the trial court stated the following reasons for departing from the applicable minimum sentencing guidelines range:

> So this case is not about your prior offense, but it does indicate such an escalation. The prior offense was [third-degree criminal sexual assault (CSC-III)] is what you pled to. . . .
>
> Now what we have is breaking into your former girlfriend's house, threatening her with a knife, raising your fists on multiple occasions, continuing to search her phone, and you didn't do it once, but you did it twice. You stated you would kill her. You attempted to have sexual intercourse by telling her to roll over and lay face down, but she refused, and she was scared because of the knife. You have multiple times of threatening her with a knife. Medical records verify she

---

[4] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

suffered a fractured right maxillary sinus, right mandibular fracture, and a right zygomatic arch fracture.[5]

As to the 14-year-old, you asked her to perform sexual acts. . . .[6]

This presentence investigation report [(PSIR)] indicates an escalation, no real acknowledgement of responsibility, more like an I'm sorry I'm wasting time because, like, you know, I have problems and so what I did should be okay with just a sorry. It doesn't really matter because I'm going to do it again because I don't really think I was wrong. That's how I read what you've said, sir. . . .

\* \* \*

I have to consider if the sentence is proportional to the acts. I also have to consider your rehabilitation, and it appears there has been none.

Protection of society, I think when you walk out of prison you're going to do the same thing again. I have seen no healing. I have seen an escalation.

Punishment of offender, 52 months, I'm sorry, that is not enough. That sends no message. It doesn't give you the time in prison to heal and go through whatever treatment they have.

And deterrence of others, I also don't think that this deters anyone at all.

So, no, I am not honoring your agreement. I can't. There are a number of things that the prosecutor, not you—you do an excellent job—but [the county prosecutor] really needs to think about the charges and the consequences in our community, and she doesn't do any of that. I don't even know if she shows up at the office. I don't know what she's doing. She has fallen asleep at the wheel, and she has allowed the assistant prosecuting attorneys in this town, in this community, . . . to carry her unfortunate decisions before this Court.

I am not going to allow it. What I see here may be a good plea deal for all of you, but it is not a good plea deal for the victims. It is not a good plea deal for the community.

\* \* \*

---

[5] The referenced facts relate to defendant's separate first-degree home invasion and domestic violence charges arising from Lower Court Case No. 21-000974-FH. This case was included in defendant's plea agreement, but it is not at issue on appeal.

[6] The referenced facts relate to defendant's separate charge of accosting a child for immoral purposes arising from Lower Court Case No. 21-000169-FH. This case was included in defendant's plea agreement, but it is not at issue on appeal.

So I'm going to give a sentence. You all know what you can do with it. He can withdraw his plea. He can accept it. He can appeal me. But when I look at the escalation here, the lack of remorse, the lack of consideration for others, the power and control, the threatening lives with a knife, the breaking in not once but twice very shortly—well, I, actually, he was on parole. Couldn't even flop him back because he did all his time. And he gets this deal on top of another deal? That is the wrong message in this community. That is the wrong message to these victims. Well, I'm not buying it.

\* \* \*

[Defendant] is getting 120 to 180 months. That's 10 to 15. That's what is deserved here. He already got his deal by not having a home invasion-first, by dismissing the habituals, by not issuing on the habituals, by not noticing the escalation here, the threats, the sheer mayhem he caused in women's lives who had said no repeatedly, not once not twice, but repeatedly.

\* \* \*

All right. I just find this sentence that I am imposing today is proportional to the escalation, to the violence on these current victims in this file, to what I have read, to the circumstances, to the threats, and the fact that he's just not getting it. He got his deal on the plea. I'm not doing anything further.

We first note that defendant's argument that the trial court improperly considered his plea agreement and conduct associated with separate cases included in the agreement is without merit. "[A] sentencing court may consider the nature of a plea bargain and the charges that were dismissed in exchange for the plea for which the court is sentencing," *People v Coulter (After Remand)*, 205 Mich App 453, 456; 517 NW2d 827 (1994), and "conduct beyond the sentencing offense can be considered for purposes of departing from the guidelines," *People v McGraw*, 484 Mich 120, 130 n 30; 771 NW2d 655 (2009). The trial court was therefore permitted to consider both defendant's plea deal and conduct beyond the sentencing offense when it departed from the guidelines, and it did not abuse its discretion by doing so. See *id*.; *Coulter*, 205 Mich App at 456.

With regard to the identified factors in support of the departure, the trial court identified several appropriate factors. The trial court referred to an "escalation" in defendant's criminal behavior and "no real acknowledgment of responsibility," as exhibited by defendant's continued criminal behavior, despite being on probation. Indeed, the prosecution noted at sentencing that defendant had violated his parole 23 times and "was sent back to prison three times." Given defendant's continued criminal behavior and repeated probation violations, the trial court concluded that defendant had shown little to no potential for rehabilitation and that it would not be protecting society if it did not impose a departure sentence. The trial court also determined that defendant's plea agreement was inadequate to punish and deter criminal behavior, noting defendant's "lack of remorse," "lack of consideration for others," apparent need for "power and control," two recent home invasions within a brief period of time, and threatening behavior using his fists and weapons. A defendant's "prior criminal history," "recidivist history," and "conduct while on probation" may be considered by the trial court at sentencing and may constitute an

appropriate justification for departing from the applicable guidelines range. *People v Hendrick*, 472 Mich 555, 564 n 10, 565; 697 NW2d 511 (2005). Furthermore, "substantive findings regarding reformation or rehabilitation, society's protection, punishment, and deterrence" are appropriate considerations supporting a departure sentence. *People v Masroor*, 313 Mich App 358, 392; 880 NW2d 812 (2015), aff'd in part, rev'd in part on other grounds by *Steanhouse*, 500 Mich 453.

The trial court also identified several additional factors that were contemplated by the guidelines, but it did not explain why the guidelines did not adequately account for those factors. See *Dixon-Bey*, 321 Mich App at 525. The trial court justified the departure sentence, in part, on defendant's CSC-III conviction. Prior offense variable (PRV) 1 addresses "prior high severity felony convictions." MCL 777.51(1). A trial court must assess 25 points for PRV 1 if "[t]he offender has 1 prior high severity felony conviction," MCL 777.51(1)(c), and the trial court did so in this case because of defendant's CSC-III conviction. A defendant's "prior criminal history" is a factor that is "included in the scoring of the prior record variables and offense variables and, thus, [is] insufficient to support an upward departure absent a finding by the trial court that the [factor was] given inadequate weight when scored." *Hendrick*, 472 Mich at 564 n 10. While the court substantially discussed the details of defendant's CSC-III conviction, it did not articulate why PRV 1 did not adequately account for this prior felony conviction. See *id*.

Furthermore, the trial court failed to articulate why OV 4 and OV 10 did not adequately consider the victim's psychological injury and defendant's exploitation of his domestic relationship with the victim. In this case, 10 points were assessed for OV 4, "psychological injury to a victim," MCL 777.34(1), because "[s]erious psychological injury requiring professional treatment occurred to a victim," MCL 777.34(1)(a). Ten points were assessed for OV 10, "exploitation of a vulnerable victim," because "[t]he offender exploited a victim's physical disability, mental disability, youth or agedness, or a domestic relationship, or the offender abused his or her authority status." MCL 777.40(1)(b). The trial court acknowledged defendant's dating relationship with the victim and his repeated harassment and attacks of her, but it failed to articulate why the scores for OV 4 and OV 10 did not adequately account for the victim's psychological injury and defendant's exploitation of his domestic relationship with the victim. See *Dixon-Bey*, 321 Mich App at 526-527.

Moreover, despite providing some justifications for its departure, the trial court did not adequately justify the extent of the particular departure in this case, which resulted in the imposition of the maximum minimum sentence permissible under the established two-thirds rule. See *People v Tanner*, 387 Mich 683, 690; 199 NW2d 202 (1972); MCL 769.34(2)(b) ("The court shall not impose a minimum sentence, including a departure, that exceeds 2/3 of the statutory maximum sentence."). In this case, the trial court failed to explain how its articulated reasons and the circumstances of the offense and the offender rendered the maximum possible sentence more proportional and reasonable than another sentence would have been. See *Dixon-Bey*, 321 Mich App at 525. Indeed, beyond stating it believed that the departure was proportional to defendant and the circumstances of the case, the trial court did not engage in any meaningful analysis of why the departure sentence was more proportional than any other sentence would have been, and therefore, the trial court abused its discretion by failing to provide an adequate rationale for the

extent of its departure sentence. See *id.*[7] The trial court did not provide its own justifications for the departure, and this Court may not "substitute its own judgment about why the departure was justified." *People v Smith*, 482 Mich 292, 304; 754 NW2d 284 (2008). We therefore conclude that remanding is necessary for the trial court to either resentence defendant or to further articulate its justifications for the departure sentence imposed and to address the proportionality of the extent of the particular departure sentence imposed. See *Steanhouse*, 504 Mich at 469.

Accordingly, we vacate defendant's sentence, and remand for the trial court to resentence defendant or further articulate its justifications for the departure sentence imposed. We retain jurisdiction.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Christopher M. Murray

---

[7] Defendant also argues that his sentence was disproportionate and unreasonable. However, we decline to address this issue because we conclude that the trial court failed to articulate sufficient reasoning for imposing the departure sentence and remand the case to readdress sentencing.

# Court of Appeals, State of Michigan

## ORDER

PEOPLE OF MI V MARQUAVIAN JAVON BURTON

Docket No.    365667

LC No.        21-000975-FH

Michael J. Kelly
Presiding Judge

Kathleen Jansen

Christopher M. Murray
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

Proceedings on remand in this matter shall commence within 35 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, we vacate defendant's sentence and remand for the trial court to further articulate its justifications for the departure sentence imposed or to resentence defendant. The proceedings on remand are limited to this issue.

The parties shall promptly file with this Court a copy of all papers filed on remand.  Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Michael J. Kelly
Presiding Judge

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

April 25, 2024
Date

Chief Clerk